82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard FIELDS, Plaintiff-Appellant,
v.
Kenneth L. MCGINNIS, et al., Defendants-Appellees.
 No. 95-1609.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Bernard Fields, proceeding pro se, appeals a district court judgment granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Fields sued the Michigan Department of Corrections Director, the state's Prisoner Affairs Manager, and several other employees at Michigan's Chippewa Regional Correctional Facility (URF), in Kincheloe, Michigan, in their individual and official capacities. Fields alleged that the defendants: (1) denied him due process when they assigned him to a school program rather than assigning him to work in the prison law library; (2) denied him due process when they ordered him to "room lay-in" after he refused to attend school; (3) denied him his First Amendment right of access to the courts; and (4) took these actions in retaliation for his filing grievances in the prison system.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment and the plaintiff's response, the district court granted summary judgment in favor of the defendants. In his timely appeal, Fields asserts the same claims as he presented to the district court.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Management Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994); Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Fields has no inherent constitutional right to placement in any particular section within a prison, Hewitt v. Helms, 459 U.S. 460, 468 (1983), or to any particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, the prisoner has no constitutionally protected property interest or liberty interest in prison employment. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). Likewise, there is no merit to Fields's claim that he was denied due process by not being afforded a hearing prior to his "reclassification" to school, because process is not an end in itself, and, as explained above, Fields had no legitimate claim of entitlement to a job in the prison library. Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Sweeton v. Brown, 27 F.3d 1162, 1164-65 and 1166 (6th Cir.1994) (en banc), cert. denied, 115 S.Ct. 1118 (1995). Thus, Fields's first claim does not present a genuine issue of material fact precluding summary judgment in favor of the defendants.
 
 
 5
 The defendants were also properly granted summary judgment on the plaintiff's second claim. Fields cannot show that the room lay-in restriction imposed an "atypical and significant hardship" on him so that he had a protected liberty interest in remaining free from this type of restriction. Sandin v. Conner, 115 S.Ct. 2293, 2301-02 (1995). Thus, Fields was not entitled to due process over and above what he received. Id.
 
 
 6
 The defendants also met their obligation of ensuring that Fields had "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). The prisoner's retaliation claim lacks merit, because the defendants have shown a lack of evidence to support Fields's claim that his act of filing grievances was a substantial or motivating factor behind the defendants' decisions to place Fields in room lay-in, place him on modified access to the grievance system, and assign him to school. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Lastly, Fields could not establish viable claims under 42 U.S.C. §§ 1981, 1985 and 1986, for the reasons stated by the district court.
 
 
 7
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.